

THE ATTORNEY GENERAL
OF TEXAS

May 17, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable G. Dwayne Pruitt          Opinion No.  JM-1046
Terry County Attorney
Terry County Courthouse             Re:  Whether sheriffs or con-
Brownfield, Texas  79316            stables are entitled to  fees
                                    for unsuccessful attempts  at
                                    service  of   civil   process
                                    (RQ-1660)

Dear Mr. Pruitt:

     You ask whether sheriffs and constables are entitled to
charge a fee  for unsuccessful attempts  at service of  pro-
cess.  The resolution of your question turns on the  author-
ity of  the commissioners court  to set  such a  fee  under
section 118.131 of the Local Government Code.

     In Attorney General  Opinion JM-880  (1988)  relevant
provisions of section 118.131 and the history of these  pro-
visions were succinctly set forth, as follows:

          In 1981, the  legislature enacted  article
     3926a, V.T.C.S.  (since codified  as  section
     118.131  of  the  Local Government  Code),
     reading:

          (a) The  commissioners court  of  each
     county may  set  reasonable  fees  to  be
     charged for  services  by the  offices  of
     sheriffs and constables.

          (b) A commissioners court  may not  set
     fees higher than is  necessary to pay  the
     expenses of providing the services.

     Acts 1981, 67th Leg., ch. 379, § 1, at 1001.

          Subsection 2(a) of  the bill that  enacted
     article 3926a contained the following  provi-
     sion: 'Fees provided  for sheriffs and  con-
     stables in other laws  in conflict with  this
     Act are repealed to the extent they  conflict

with this Act.'    Id. at § 2.    But the bill also stated, in section 3(b):

> Until a commissioners court prescribes different fees pursuant to Article 3926a, Revised Civil Statutes of Texas, 1925, the fees charged by a sheriff or constable are those provided by the law in effect on August 31, 1981. Fees charged by a sheriff or constable for services performed before the effective date of this Act are governed by the law in effect at the time the services were performed.

Attorney General Opinion JM-880 (1988), at 1-2.

In Attorney General Opinion JM-880 it was concluded that the commissioners courts may not set fees for the execution of criminal warrants by a sheriff or constable and that the general repealer of conflicting statutes found in the bill that enacted former article 3926a was not applicable in criminal cases.[1]

Focusing on the narrower issue of whether the commissioners court may set a fee for unsuccessful attempts to serve civil process, you call attention to Attorney General Opinion H-756 (1975) stating that a sheriff is not entitled to a fee for an unsuccessful attempt to serve process under former article 3933a, V.T.C.S.  Article 3933a was repealed by article 3926a, effective September 1, 1981. Acts 1981, 67th Leg., ch. 379, § 2(b), at 1001.

---

1.  The opinion reasoned that an attempt to set fees in misdemeanor cases was unconstitutional in that "[a] law allowing different costs to be assessed in different counties for the same penal offense would have the affect of allowing the penalty for state-defined crimes to vary from county to county and would violate both 'due process' and 'equal protection' constitutional rights." It was stated that while the same reasoning would apply to felony cases, it was unnecessary to utilize such analysis since the provisions of the Code of Criminal Procedure governing fees in felony cases were repealed by the 69th Legislature in 1985. Acts 1985, 69th Leg., ch. 269, at 1300, 1307. It was concluded that the application of section 118.131 to civil cases was unaffected.

In Attorney General Opinion JM-193 (1984) it was concluded that commissioners courts may set fees for services performed by sheriffs and constables in accordance with article 3926a, even though no fee for the service was authorized prior to September 1, 1981.

In Attorney General Opinion JM-51 (1983) it was noted that prior to the repeal of article 3933a, sheriffs and constables were not entitled to receive fees from the Industrial Accident Board for serving subpoenas issued by the board. However, it was concluded that under article 3926a (now section 118.131) a charge for serving such subpoenas was appropriate, provided the charge was authorized by the commissioners court.

We do not believe that Rule 17 of the Texas Rules of Civil Procedure prohibits a commissioners court from authorizing a fee for an unsuccessful attempt to serve civil process by a sheriff or constable. Rule 17 provides:

> Except where otherwise expressly provided by law or these rules, the officer receiving any process to be executed shall not be entitled in any case to demand his fee for executing the same in advance of such execution, but his fee shall be taxed and collected as other costs in the case.

The source for Rule 17 was article 3911, V.T.C.S., repealed, Acts 1939, 46th Leg., ch.25, § 1, at 201, and codified as Rule 17. Prior to the repeal of article 3933a disallowing a fee until service is performed and return made, Attorney General Opinion H-756 (1975) construed Rule 17 as prohibiting a county or district clerk from collecting as court costs a fee for service of process prior to the actual service and return of process. Section 2(a) of the bill that enacted article 3926a (now section 118.131) contained the following provision.

> Fees provided for sheriffs and constables in other laws in conflict with the provisions of this act are repealed to the extent they are in conflict with this act.

Acts 1981, 67th Leg., ch. 379, § 2(a), at 1001.

No reason is perceived why a commissioners court may not set reasonable fees for services performed by sheriffs and constables in unsuccessful attempts at service of civil process under the authority granted the commissioners court

to set reasonable fees for services by such officers.  However, until a  commissioners court  sets a  fee pursuant  to section 118.131, a sheriff or  constable is not entitled  to any fee for an unsuccessful attempt to serve process.

### S U M M A R Y

Commissioners courts  may  set  reasonable fees for services  performed by sheriffs  and constables in unsuccessful attempts to  serve civil process.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General